USDC SCAN INDEX SHEET

















LLS   10/27/98   15:33

3:98-CV-01954   MOELLER V. AQUATIC DESIGN GROUP

*1*

*CMP.*



1  **CHERYL A. PETERSON, SBN 103040**
**LAW OFFICES OF JEFFREY G. SCOTT**
2  **16935 West Bernardo Drive, Suite 170**
**San Diego, CA  92127**
3  **Telephone:  (619) 675-9896**

4  **Attorneys for Plaintiff Kenneth Paul Moeller**

5

6

7

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10  KENNETH PAUL MOELLER,              )   Civil Action File No.
                                       )
11              Plaintiff,             )   (Copyright/Contract/Fraud)
                                       )
12  v.                                 )   **COMPLAINT for Infringement of**
                                       )   **Copyright [17 U.S.C. Sections 501-504]**
13  AQUATIC DESIGN GROUP, RANDALL      )
    MENDIOROZ, SCOTT J. FERRELL, DOES  )   Demand for Jury Trial
14  1 THROUGH 40, INCLUSIVE,           )
                                       )
15              Defendants.            )
                                       )
16  ─────────────────────────────      )

17      Plaintiff alleges:

18              **FIRST CAUSE OF ACTION**
              **FOR INFRINGEMENT OF COPYRIGHT**
19             **AND UNFAIR TRADE PRACTICES**
                  **(As to All Defendants)**
20

21      1.      Jurisdiction.  This action arises under the Act of October 19, 1976, Title I

22  Section 101, 90 Stat. 2541; 17 U.S.C. Section 501; and this court has jurisdiction under the

23  Act of June 25, 1948, c. 646, 62 Stat. 931; 28 U.S.C. Section 1338, as hereinafter more fully

24  appears.

25      2.      Defendant AQUATIC DESIGN GROUP (hereinafter called the "Corporation")

26  is, and at all time mentioned herein was, a corporation organized and existing under the laws

27  of the State of California with its principal place of business in the County of San Diego,

28  State of California.  Defendants RANDALL MENDIOROZ ("MENDIOROZ") and SCOTT J.

1



1   FERRELL ("FERRELL") are residents of the County of San Diego, State of California, and

2   are officers of Defendant Corporation.

3       3.      During the years 1989 through 1996, Plaintiff KENNETH PAUL MOELLER

4   ("MOELLER"), who was then and ever since has been a citizen of the United States, created,

5   drew, and authored numerous architectural works, drawings, and specifications of and for

6   aquatic complexes.

7       4.      On June 13, 1997, Plaintiff filed *Moeller* v. *Aquatic Design Group*, Case

8   No. 97-CV-1139BTM(LAB), a Complaint for Infringement of Copyright with related state

9   causes of action in the United States District Court, Southern District of California.  On

10  approximately September 29, 1998, the case was dismissed without prejudice.

11      5.      These architectural works, drawings, and specifications contain a large amount

12  of material wholly original with Plaintiff and are copyrightable subject matter under the laws

13  of the United States.

14      6.      Between 1989 and 1996, Plaintiff complied in all respects with the Act of

15  October 19, 1976, title I, section 101, 90 Stat. 2541 (17 U.S.C. §§ 401-412), and all other

16  laws governing copyright and secured the exclusive rights and privileges in and to the

17  copyright of the above-entitled work.  Plaintiffs has filed applications for Certificates of

18  Registration for the works with the United States Copyright Office.

19      7.      The architectural works, drawings, and specifications have each been sealed

20  with the  Licensed Architect seal of Plaintiff MOELLER and Plaintiff's license number and

21  any copies of the architectural works, drawings, and specifications made by Plaintiff or under

22  his authority or license have contained the architectural seal of Plaintiff MOELLER in strict

23  conformity with the provisions of the Act of October 19, 1976, title I, section 101, 90 Stat.

24  2541, and all other law governing copyright.  The architectural seals reflect licenses from the

25  states of Arizona, California, New Jersey, and Texas, and the territory of Guam.

26      8.      Since the date each of these architectural works, drawings, and specifications

27  have been sealed, Plaintiff has been and still is the sole proprietor of all rights, title, and

28  interest in and to the copyright in the above-entitled works.

2

9.    After June 14, 1996, Defendants Corporation, MENDIOROZ, and FERRELL infringed Plaintiff's copyrights by utilizing Plaintiff's architectural works, drawings, and specifications, or parts thereof.

10.    Copies of the Plaintiff's copyrighted architectural works, drawings, specifications, and Defendant's infringing works are too numerous and cumbersome to be attached as exhibits but will be separately identified and available through discovery and exhibit exchange.  Plaintiff's copyrighted architectural works, technical drawings, and specifications include an architectural work identified as Granada Park Swim Complex, Alhambra, California; a technical drawing identified as Granada Park Swim Complex, Alhambra, California; an architectural work identified as Slauson Park Aquatics Complex, Azusa, California; a technical work  identified as Slauson Park Aquatics Complex, Azusa, California; a technical drawing identified as 989 Olive Crest Drive, Encinitas, California; an architectural work  identified as Aquatics Complex for the City of Exeter, California;  a technical drawing identified as Aquatics Complex for the City of Exeter, California; an architectural work identified as Aquatics Complex for the City of Hanford, California;  a technical drawing identified as Aquatics Complex for the City of Hanford, California; an architectural work identified as Murrieta Valley High School Aquatics Complex, Murietta, California; a technical drawing identified as Murrieta Valley High School Aquatics Complex, Murietta, California; an architectural work identified as Aquatics Complex for City of Roseville, California; a technical drawing identified as Aquatics Complex for City of Roseville, California;  a technical drawing identified as San Jose Unified High School District, San Jose, California; an architectural work identified as Tierrasanta Community Swimming Pool, San Diego, California; a technical drawing identified as Tierrasanta Community Swimming Pool, San Diego, California; an architectural work identified as Aquatics Complex "The Wave", Vista, California;  a technical drawing identified as Aquatics Complex "The Wave", Vista, California; an architectural work identified as Onward Guam Waterpark, Agana, Guam;  a technical drawing identified as Onward Guam Waterpark, Agana, Guam; and a literary work identified as Technical Specifications.

3

11.     Plaintiff has notified Defendants that they have infringed the copyrights of Plaintiff and has tried to resolve the copyright issues with Defendants, but Defendants refuse to recognize the copyrights of Plaintiff.

12.     Since June 14, 1996, Defendants have been wrongfully claiming ownership of and utilizing the above-described copyrighted works of Plaintiff and have thereby been engaging in unfair trade practices and unfair competition against Plaintiff to Plaintiff's irreparable damage.

13.     Defendants Does 1 through 20 were at all times relevant herein employees, agents, and/or members of the Board of Directors of Corporation.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will pray for leave of this court to amend this complaint to allege the true names and capacities when ascertained.

14.     Defendants Does 21 through 40 were at all times relevant herein the agents of Defendants MENDIOROZ and FERRELL.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 21 through 40, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will pray for leave of this court to amend this complaint to allege the true names and capacities when ascertained.

15.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, or joint venturer of the remaining Defendants and was acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

**SECOND CAUSE OF ACTION**
**FOR SPECIFIC PERFORMANCE**
**[CALIFORNIA CIVIL CODE SECTION 3384]**
**(As to All Defendants)**

16.     Plaintiff incorporates herein by reference Paragraphs 1 through 15 of the previous cause of action.

4

17.   Plaintiff is, and at all times herein mentioned was, the owner of 24.5 percent of the shares of the issued and outstanding capital stock of the Corporation.

18.   In 1994, Plaintiff and Defendants entered into an agreement whereby Defendant FERRELL agreed to convey to Plaintiff 24.5 percent of the shares of the issued and outstanding capital stock of the corporation and Plaintiff agreed to perform architectural services for the Corporation as consideration for the shares. Meeting notes were taken by Plaintiff MOELLER to memorialize the agreement. These notes were later taken from the desk of Plaintiff MOELLER by either or both Defendants MENDIOROZ and FERRELL.

19.   Pursuant to the agreement and at the time specified therein, Plaintiff tendered to Defendants the architectural services that were consideration for the agreement. Plaintiff has served oral and written demand on Defendants that they deliver the shares to Plaintiff.

20.   Defendants rejected Plaintiff's tender and refused, and still refuse, to deliver the shares pursuant to the agreement.

21.   Plaintiff has performed all terms, covenants, and conditions on his part to be performed under the agreement.

22.   The consideration set forth in the agreement is adequate in that it is the fair and reasonable value of the shares and the contract is, as to Defendants, just and reasonable.

**THIRD CAUSE OF ACTION
FOR WRONGFUL TERMINATION IN
VIOLATION OF PUBLIC POLICY
(As to All Defendants)**

23.   Plaintiff incorporates herein by reference Paragraphs 1 through 22 of the previous cause of action.

24.   From 1994 through 1996, Plaintiff was both a shareholder and employee of Defendant Corporation. Plaintiff provided architectural services to the Corporation.

25.   From 1994 through 1996, Defendants MENDIOROZ and FERRELL made pension contributions to their own accounts that violated the agreement of shareholders MENDIOROZ, FERRELL, and Plaintiff MOELLER, and further violated federal statutes concerning employee pensions. Plaintiff is informed and believes that Defendants

5

1   MENDIOROZ and FERRELL made employee contributions to their 401K accounts without

2   making proportionate contributions for all vested employees of Defendant Corporation.

3   Plaintiff also believes that Defendants MENDIOROZ and FERRELL made annual

4   contributions to their 401K accounts that exceed the maximum allowable contribution.

5       26.     When Plaintiff became aware of these contributions and violations, Plaintiff

6   demanded that Defendants remedy the wrongdoing.

7       27.     Defendants refused to do so and further required that Plaintiff acquiesce to the

8   wrongdoings.

9       28.     In doing the acts set forth above, Defendants knew that the conduct that they

10  would have required of Plaintiff was unlawful and required Plaintiff to choose between

11  violating the law and losing his job. Notwithstanding this knowledge, Defendants despicably

12  subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights by

13  insisting that Plaintiff violate the law and by terminating Plaintiff's employment when

14  Plaintiff refused to do so.   This oppressive conduct was committed by Defendants

15  MENDIOROZ and FERRELL, officers and directors of Corporation. Defendants' conduct

16  warrants the assessment of punitive damages.

17      29.     Defendant Corporation employed Defendants MENDIOROZ and FERRELL

18  with advance knowledge of their unfitness and employed them with a conscious disregard

19  of the rights and safety of others. The advance knowledge and conscious disregard was by

20  Defendants MENDIOROZ and FERRELL, managing agents of the Defendant.

21      30.     Defendant Corporation authorized and ratified the conduct of Defendants

22  MENDIOROZ and FERRELL specified in paragraph 28 above in that Defendants

23  MENDIOROZ and FERRELL operated Defendant Corporation as their alter ego. The

24  authorization and ratification was by Defendants MENDIOROZ and FERRELL.

25  ///

26  ///

27  ///

28  ///

6

**FOURTH CAUSE OF ACTION**
**FOR WRONGFUL TERMINATION FOR BREACH OF**
**THE IMPLIED CONTRACT OF CONTINUED EMPLOYMENT**
**(As to All Defendants)**

31.    Plaintiff incorporates herein by reference Paragraphs 1 through 30 of the previous causes of action.

32.    Plaintiff worked as a consultant for Defendant Corporation from 1990 and was induced to become a shareholder and employee of Corporation in 1994 so that Defendant Corporation would have an in-house architect, was assured on numerous occasions that he would not be terminated arbitrarily, was further assured by Defendant MENDIOROZ that he would have continued employment if Defendant FERRELL ever passed the state architectural exam, so as to conclude that Plaintiff and Defendants had entered into an implied contract that Plaintiff would not be discharged unless there was good cause to do so.

33.    Plaintiff at all times fulfilled his duties and conditions under the contract and was ready, willing, and able to continue performing them in a competent and satisfactory manner.

34.    Notwithstanding the implied promise to terminate the employment contract only for good cause, on or about June 14, 1996, Defendant Corporation terminated Plaintiff's employment even though Plaintiff had consistently provided good performance.

35.    As a proximate result of Defendants' breach of the employment contract, Plaintiff has suffered and continues to suffer losses in earnings and other employment benefits, to his damage in an amount to be established at trial.

**FIFTH CAUSE OF ACTION**
**FOR BREACH OF THE IMPLIED COVENANT OF**
**GOOD FAITH AND FAIR DEALING**
**(As to All Defendants)**

36.    Plaintiff incorporates herein by reference Paragraphs 1 through 35 of the previous causes of action.

37.    The employment agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated Defendants to perform the terms and

7

conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede Plaintiff from performing any or all of the conditions of the contract that he agreed to perform, or any action that would deprive Plaintiff of the benefits of the contract.

38.   Plaintiff abandoned his consulting practice and joined Defendant Corporation based upon an agreement that he would be a 24.5 percent shareholder in the Corporation and that Plaintiff and Defendants MENDIOROZ and FERRELL would share equally in salaries, benefits, and distributions. Plaintiff provided architectural services to the Corporation and by his architectural license, allowed the Corporation to legally advertise and represent that the Corporation could provide architectural services. As a joint owner of the Corporation, Plaintiff reasonably relied that his employment with Defendant Corporation would be of a continuing and long-standing nature.

39.   Plaintiff performed all the duties and conditions of the employment agreement.

40.   Defendants knew that Plaintiff had fulfilled all his duties and conditions under the contract.

41.   Defendant breached the implied covenant of good faith and fair dealing under the employment agreement by discharging Plaintiff, denying Plaintiff's shareholder status, claiming ownership of Plaintiff's work product and copyrights, failing to make contributions to Plaintiff's pension account, and denying Plaintiff other benefits of his employment, with all of these acts done intentionally, maliciously, and without probable cause, in bad faith, and for reasons extraneous to the contract.

42.   In fact, Defendants discharged Plaintiff, not because of alleged poor performance, but because Defendant FERRELL, after approximately 12 attempts, finally passed the state architectural exam in 1996 and the Defendant Corporation could then use Defendant FERRELL's architectural license.

43.   As a proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered, and continues to suffer, losses in earning and other employment benefits to his damage in an amount to be established at trial. As a further

1  proximate result of Defendant's breach of the implied covenant of good faith and fair

2  dealing, Plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits

3  owed him under the employment contract.

4                          **SIXTH CAUSE OF ACTION**
                  **FOR INTENTIONAL INTERFERENCE WITH**
5                     **ECONOMIC RELATIONSHIP**
                        **(As to All Defendants)**
6

7       44.     Plaintiff incorporates herein by reference Paragraphs 1 through 43 of the

8  previous causes of action.

9       45.     On or about June 10, 1997, Plaintiff and Landis & Staefa, Inc., entered into a

10  written agreement whereby Landis & Staefa, Inc., agreed to use Plaintiff's architectural

11  services in the renovation of several aquatic complexes, and Plaintiff agreed to provide such

12  service on an exclusive basis from June 10, 1997, to August 8, 1997. A redacted copy of this

13  agreement marked Exhibit "A" is attached and incorporated herein by reference.

14       46.     Defendants MENDIOROZ and FERRELL knew of the above-described

15  contract existing between Plaintiff and Landis & Staefa, Inc., in that Defendant

16  MENDIOROZ has telephoned Landis & Staefa, Inc., and the San Jose Unified School

17  District, the contract originator, to discuss the contract.

18       47.     Plaintiff has been informed that in the telephone conversations described in

19  paragraph 46, Defendant MENDIOROZ falsely disparaged Plaintiff's qualifications to

20  perform the contract described in paragraph 45, wrongfully asserted ownership of Plaintiff's

21  work product and copyrights, and threatened to watch the project to assert ownership of

22  designs and details and/or to assert copyright violations.

23       48.     Defendants' false representation as alleged in paragraph 47 above constituted

24  an unfair trade practice in violation of California Business and Professions Code

25  section 17200.

26       49.     Subsequent to the telephone calls from Defendant MENDIOROZ, both Landis

27  & Staefa, Inc., and the San Jose Unified School District contacted Plaintiff to express their

28  concerns and to request a list of references and Plaintiff's resume.   Defendant

9

1    MENDIOROZ's threats to assert ownership of design and details and/or to challenge the

2    copyrights for the project, made both Landis and Staefa, Inc., and the San Jose Unified

3    School District extremely nervous about doing business with Plaintiff and both expressed

4    their concerns to Plaintiff.

5        50.    As a proximate result of Defendants' conduct described in paragraph 47 above,

6    Plaintiff has suffered damages in an amount to be determined at time of trial.

7        51.    The aforementioned acts of Defendants, and each of them, were willful,

8    oppressive, fraudulent, and malicious. Plaintiff is therefore entitled to punitive damages.

9        52.    Defendants threaten to disrupt other of Plaintiff's contracts and business

10   relationships to Plaintiff's great and irreparable injury, for which damages would not afford

11   adequate relief, in that they would not completely compensate for the injury to Plaintiff's

12   business reputation and goodwill.

13                              **SEVENTH CAUSE OF ACTION**
                                      **FOR FRAUD**
14                              **(As to All Defendants)**

15       53.    Plaintiff incorporates herein by reference Paragraphs 1 through 52 of the

16   previous causes of action.

17       54.    At all times herein mentioned, Defendants MENDIOROZ and FERRELL were

18   the agents and employees of Defendant, and in doing the things herein alleged were acting

19   within the course and scope of such agency and employment and with the permission and

20   consent of the Co-Defendants.

21       55.    Defendant MENDIOROZ, who made the representations herein alleged, is the

22   President of Defendant Corporation and at the time of the making of the representations

23   herein alleged and at all times herein mentioned, was acting within the course and scope of

24   his employment and authority for the Defendant Corporation.

25       56.    Continually from 1994 through 1996, Defendants MENDIOROZ and

26   FERRELL made the following representations to Plaintiff: that Plaintiff was a 24.5 percent

27   shareholder in Defendant Corporation and participated in the Defendant corporation as an

28   owner, that Plaintiff would receive one-third of the profits, distributions, and

                                           10

officer/employee benefits, and that Plaintiff would continue with his position at the Corporation if Defendant FERRELL ever passed the architectural exam.

57.     The representations made by Defendants were in fact false because Defendants have failed to acknowledge their obligations pursuant to the representations. The true facts are Defendants have refused to formally issue shares of stock to Plaintiff, have denied Plaintiff's ownership interest in the Corporation, have claimed employer ownership of the copyrights of Plaintiff's work product, and Defendants have taken monies from Defendant Corporation in excess of their respective one-third shares, and Defendants fired Plaintiff after Defendant FERRELL passed the architectural exam.

58.     When Defendants made these representations, they knew them to be false and made these representations with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on these representations in the manner hereinafter alleged, or with the expectation that Plaintiff would so act.

59.     Plaintiff, at the time these representations were made by Defendants and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendants' representations and believed them to be true. In reliance on these representations, Plaintiff was induced to and did abandon his independent architectural practice and joined Defendant Corporation as a shareholder and employee. Had Plaintiff known the actual facts, he would not have taken such action. Plaintiff's reliance on Defendants' representations was justified because Plaintiff understood that he was required to have shareholder/ownership status, as the only one of the three Corporation officers to hold an architectural license.

60.     As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiff was induced to join Defendant Corporation as a shareholder and employee and to perform architectural services for Defendant Corporation in this capacity.

61.     As a result of Defendants' fraud, Plaintiff has incurred damages in an amount to be determined at time of trial.

62.     The aforementioned conduct of Defendants was an intentional misrepresentation and deceit, known to Defendants with the intention on the part of the

11

1  Defendants of thereby depriving Plaintiff of property and legal rights and otherwise causing

2  injury, and did in fact deprive Plaintiff of property and legal rights and otherwise caused him

3  injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in

4  conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive

5  damages.

6                        **EIGHTH CAUSE OF ACTION**
                        **FOR BREACH OF CONTRACT**
7                           **(As to Corporation)**

8        63.    Plaintiff incorporates herein by reference Paragraphs 1 through 62 of the

9  previous causes of action.

10       64.    In 1994, Plaintiff and Defendants entered into an agreement whereby

11  Defendant FERRELL agreed to convey to Plaintiff 24.5 percent of the shares of the issued

12  and outstanding capital stock of the corporation and Plaintiff agreed to perform architectural

13  services for the Corporation as consideration for the shares.  Meeting notes were taken by

14  Plaintiff MOELLER to memorialize the agreement.  These notes were later taken from the

15  desk of Plaintiff MOELLER by either or both Defendants MENDIOROZ and FERRELL.

16       65.    Pursuant to the agreement and at the time specified therein, Plaintiff tendered

17  to Defendants the architectural services that were consideration for the agreement.

18       66.    Plaintiff has performed all conditions, covenants, and promises required by

19  him on his part to be performed in accordance with the terms and conditions of the contract.

20       67.    On or about June 14, 1996, Defendants breached the contract by denying

21  Plaintiff stock ownership, terminating Plaintiff's employment, and further denying Plaintiff

22  other earned employee benefits.

23       68.    As a result of Defendants' breach of the contract, Plaintiff has incurred

24  damages in an amount to be determined at time of trial.

25                        **NINTH CAUSE OF ACTION**
            **FOR SPECIFIC RECOVERY OF PERSONAL PROPERTY**
26                          **(As to All Defendants)**

27       69.    Plaintiff incorporates by reference Paragraphs 1 through 68 of the previous

28  causes of action.

12

70.   Plaintiff is the owner and is entitled to possession of papers and electronic media that constitute architectural plans, drawings, project specifications, and original Construction Specifiers Institute specifications which represent Plaintiff's work product, and vendor catalogs, and code books that are presently being held by Defendants.

71.   Defendants wrongfully possess this property and are unwilling to deliver the above-described property to Plaintiff.

72.   Plaintiff was the owner of the above-described property at the time that Defendants took and detained the property.

73.   Plaintiff demanded return of the property in June of 1996 and defendants refused return of the property. Plaintiff has obtained copies, and not the originals, of some, but not all, of the property through discovery in United States District Court, Southern District of California, Case No. 97-CV-1139BTM(LAB), *Moeller* v. *Aquatic Design Group.*

74.   The value of the property will be established according to proof at time of trial.

75.   Plaintiff seeks the return of the property.

76.   Plaintiff has been damaged by the taking and detention because the taking and detention has hampered Plaintiff's ability to practice architecture and earn income.

77.   Plaintiff has been further damaged by the taking and detention because the taking and detention has delayed and impeded Plaintiff's ability to obtain copyright registration for his work.

78.   Plaintiff has been further damaged by the taking and detention because Plaintiff has incurred attorneys fees and costs in both United States District Court, Southern District of California, Case Number 97CV1139BTM(LAB) and the present case as a result of the taking and detention.

### TENTH CAUSE OF ACTION
### FOR CONVERSION
### (As to all Defendants)

79.   Plaintiff incorporates by reference Paragraphs 1 through 68 of the previous causes of action.

13

1    80.    Plaintiff pleads the tenth cause of action as an alternative to the ninth cause of

2  action.

3    81.    Plaintiff is the owner and is entitled to possession of paper and electronic

4  media that constitute architectural plans, drawings, project specifications, and original

5  Construction Specifiers Institute specifications which represent Plaintiff's work product, and

6  vendor catalogs, and code books that are presently being held by Defendants.

7    82.    Defendants have wrongfully converted this property and are unwilling to

8  deliver the above-described property to Plaintiff.

9    83.    Defendants wrongfully appropriated Plaintiff's property to Defendants' use in

10  June of 1996.

11    84.    Plaintiff was the owner of the above-described property at the time that

12  Defendants converted the property.

13    85.    Plaintiff demanded return of the property in June of 1996 and defendants

14  refused return of the property. Plaintiff has obtained copies, and not the originals, of some,

15  but not all, of the property through discovery in United States District Court, Southern

16  District of California, Case No. 97-CV-1139BTM(LAB), Moeller v. Aquatic Design Group.

17    86.    The value of the property will be established according to proof at time of trial.

18    87.    Plaintiff has been damaged by the conversion because the conversion has

19  hampered Plaintiff's ability to practice architecture and earn income.

20    88.    Plaintiff has been further damaged by the taking and detention because the

21  taking and detention has delayed and impeded Plaintiff's ability to obtain copyright

22  registration for his work.

23    89.    Plaintiff has been further damaged by the conversion because Plaintiff has

24  incurred attorneys fees and costs in both United States District Court, Southern District of

25  California, Case Number 97CV1139BTM(LAB) and the present case as a result of the

26  conversion.

27  ///

28  ///

WHEREFORE, Plaintiff demands:

**For the First Cause of Action:**

1. That Defendants, and their agents, and servants be enjoined during the pendency of this action and permanently from infringing the copyrights of Plaintiff in any manner, and from utilizing the architectural works and drawings of Plaintiff MOELLER;

2. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequences of Defendants' infringement of Plaintiff's copyrights and the unfair trade practices and unfair competition, and to account for:

   a. All gains, profits, and advantages derived by Defendants by said trade practices and unfair competition; and

   b. All gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyrights or such damages as the court shall deem proper within the provisions of the copyright statutes, but not less than $250;

3. That Defendants pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed to the Plaintiff by the court;

4. That Plaintiff have such other and further relief as is just.

**For the Second Cause of Action:**

1. That the court order that the agreement herein set forth be specifically performed by Defendants;

2. That Defendants be ordered to convey 24.5 percent of the shares of the stock of the Corporation to Plaintiff;

3. For costs of suit herein incurred; and

4. For such other and further relief as the court may deem proper.

15

**For the Third, Fourth, and Fifth Causes of Action:**

1. For damages according to proof, including lost earnings and other employee benefits, past and future;

2. For compensatory damages according to proof, including lost earnings and other employee benefits, costs of seeking other employment, and damages for emotional distress, humiliation, and mental anguish;

3. For interest on lost earnings and benefits at the prevailing legal rate from June 14, 1996;

4. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

5. For reasonable attorney's fees incurred by Plaintiff in obtaining the benefits due him under the employment contract with Defendants;

6. For costs of suit incurred by Plaintiff; and

7. For such other and further relief as the court deems proper.

**For the Sixth Cause of Action:**

1. For damages in an amount to be determined at time of trial;

2. For exemplary and punitive damages;

3. For an order requiring Defendants, and each of them, to show cause, if any they have, why they should not be enjoined as set forth below, during the pendency of this action;

4. For a preliminary injunction and a permanent injunction, all enjoining Defendants from making any false representations to or otherwise harassing the clients or prospective clients of Plaintiff concerning their contracts and business relationships with Plaintiff;

5. For his costs incurred; and

6. For any other and further relief as the court may deem proper.

///

///

**For the Seventh Cause of Action:**

    1.    For general damages in an amount to be determined at trial;

    2.    For special damages in an amount to be determined at trial;

    3.    For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

    4.    For costs of suit incurred herein; and

    5.    For such other and further relief as the court may deem proper.

**For the Eighth Cause of Action:**

    1.    For compensatory damages in an amount to be determined at trial;

    2.    For interest in an amount to be determined at time of trial;

    3.    For costs of suit incurred herein; and

    4.    For such other and further relief as the court may deem proper.

**For the Ninth Cause of Action:**

    1.    For return of the described property;

    2.    For compensatory damages in an amount to be determined at time of trial;

    3    For reasonable attorney's fees incurred by Plaintiff;

    5.    For costs of suit incurred by Plaintiff; and

    6.    For such other and further relief as the court deems proper.

**For the Tenth Cause of Action:**

    1.    For compensatory damages in an amount to be determined at time of trial;

    2.    For reasonable attorney's fees incurred by Plaintiff in obtaining with Defendants;

    3.    For costs of suit incurred by Plaintiff; and

    4.    For such other and further relief as the court deems proper.

Dated:  October 27, 1998            LAW OFFICES OF JEFFREY G. SCOTT

By _____
    CHERYL A. PETERSON
    Attorneys for Plaintiff
    KENNETH PAUL MOELLER

17



# LANDIS & STAEFA

San Jose Unified School District
Pools Architect Agreement
May 31, 1997

**Scope of Work**

The architect shall provide the following services:

a) Review and inspect the existing facilities, including all pools, equipment pits and mechanical rooms.
b) Identify all Title 24 and ORS/DSA code violations of the existing facilities. — *POOLS ONLY*
c) Provide designs and specifications to correct any code violations.
d) Provide designs and specifications to renovate, repair or replace mechanical and electrical systems as required.
e) Provide designs and specifications to renovate, repair or replace all structural deficiencies.
f) Review existing or original plans and specifications that were utilized at the time of original construction.
g) Propose designs in alignment with the desire to conserve energy.
h) Provide calculations showing energy consumption of equipment utilized in proposed designs.
i) Compose packages consisting of plans and specifications in CSI format suitable for bidding each project. The packages shall be prepared as soon as possible so that bidding and negotiations can proceed while each project is in a plan review stage.
j) Revise any portions of the plans or specifications rejected by any agency or the owner.
k) Provide an estimate of probable construction costs with contingencies for risk items identified. Estimate shall be based on rough take off quantities of specified equipment and materials. Costs shall be according to generally accepted square foot, lineal foot, cubic yard, etc.
l) Construction documents shall include all finish details, sections, schedules, plans and schematics necessary to successfully bid and construct each renovation.
m) Assist in review of bids received from subcontractors as necessary.
n) Provide clarifications to construction documents as necessary.
o) Review and approve samples, shop drawings and equipment cuts as required and in a timely manner.
p) Update record set in accordance with any approved field changes as marked up in red by the contractor.
q) Supply all drawings and specifications in electronic format as well as hard copies. Drawings shall be provided in a reproducible format, such as vellum or sepia. One set shall be provided under the base cost for the project. All official drawings shall be created in the latest version of AutoCAD.
r) After customer approval of design, acquire all agency approvals necessary to move into the construction phase. This includes, but is not limited to all state agencies and the local fire marshal.
s) Provide rough estimate of construction costs for all pools in the first week.
t) The architect shall name Landis & Staefa as an additional insured on his professional liability or errors & omissions insurance. A certificate shall be provided from the carrier within 10 days of contract.
u) The scope of work shall include thirteen pools owned by the San Jose Unified School District. The architect's fees shall be applied to all schools with the exception of Centennial High. This work was performed under this contract as a free sample.

**Compensation**

████████████████████ Construction costs include all direct construction costs to Landis & Staefa. This includes materials and labor expended in the execution of the work shown on construction documents produced by the architect.



EXHIBIT A

Before the project is funded, ████████████████████████████████████████

After funding from the owner is secured, the balance can be invoiced on completed projects. Half of the fee can be billed upon submission of the documents for agency approval, and half can be billed upon delivery of approved documents.

Should funding from the owner never occur, Landis & Staefa shall be responsible for ████████ times the estimated construction cost of the pool designs completed to the day that it is determined that funding will not occur. In this unlikely event, all drawings and specifications would be withdrawn from use by the architect and would remain the property of the architect.

From the contract date until the job is funded or canceled, reimbursable expenses shall be itemized and billed on a monthly basis. Reimbursable expenses include reproduction, airfare, hotels, car rental and overnight delivery services. These expenses shall be billed at cost +20%. It is our expectation that, where possible, trips can be consolidated to minimize costs and that some can be sufficiently planned ahead so airfares can be purchased with a two week lead.

The terms shall be net 30 days from invoice date.

Compensation for additional services authorized by Landis & Staefa shall be provided in conformance with the following hourly rates:

Architect          $100/Hour
Clerical           $50/Hour

Project Schedule

The architect shall provide ████████████████████████████ This delivered set shall be working drawings complete for submittal to health department or state agency for approval. The set shall also be complete enough for bidding purposes.

Six weeks is being allowed for agency approvals.  *124 NV. See par   NO T E impact*

The first four designs (including energy calculations) and the preliminary estimates on all pools shall be due to the Landis & Staefa office no later than June 25. The last design shall be delivered no later than September 15, 1997. The pools shall be tackled in a TBD order.

This schedule strategy will allow Landis & Staefa to obtain firm quotes from subcontractors on the sites needing the most attention before entering into contract with the school district. Energy calculations on these schools will be the basis for the project budget. Hence, it is of the utmost importance that all schedule dates are met.

**EXHIBIT A**

PROVISIONS OF SUBCONTRACT

**(A) OBLIGATIONS AND RESPONSIBILITIES**

**(B) DRAWINGS**

**(C) SCHEDULING**

**(D) PAYMENTS**

**(E) CLAIMS**

**(F) CHANGE ORDERS**

**(G) NATURE OF WORK**

**(H) SUBCONTRACTOR EMPLOYER**

**(I) PERMITS, TAXES**

**(J) MATERIALS**

**(K) TAKEOVER**

**(L) WORKMANSHIP**

**(M) UNIT PRICE**

**(N) JOB DAMAGE**

**(O) BOND**

**(P) WORKMAN'S COMPENSATION**

**(Q) INSURANCE**

**(R) SUB-TIER CONTRACTORS**

**(S) MODIFICATION**

**(T) SUSPENSION OR TERMINATION FOR CONVENIENCE**



*EXHIBIT A*

## SUBCONTRACT

THIS AGREEMENT made and entered into by and between Landis & Staefa, Inc., hereafter called the CONTRACTOR, and ARCH PAC

hereby called the SUBCONTRACTOR, WITNESSETH:

The CONTRACTOR, for the full, complete and faithful performance of this subcontract, agrees to pay to the SUBCONTRACTOR, in accordance herewith, the sum of ($ ___See Attached___ ) ___See Attached___ Dollars.

In consideration therefor, the SUBCONTRACTOR agrees as follows:

1.   To furnish all supervision, labor and materials, and perform all work as described in Paragraph 3 hereof, for the design of thirteen pool renovations

   for ___The San Jose Unified School District___
   (hereinafter called OWNER) in accordance with the Contract dated the ___n/a___ day of ___n/a___ 19___
   between the OWNER and the PRIME CONTRACTOR, and the general and special conditions of said Contract, and in accordance with the drawings and specification and addenda for said construction by ___n/a___
   Architects, all of which documents in their ENTIRETY are hereinafter referred to as the MAIN CONTRACT.

2.   That he has seen and agrees to be bound by the terms of said MAIN CONTRACT between the OWNER and the PRIME CONTRACTOR (including every part of and all the general and special conditions, drawings, specifications and addenda), and any intervening contract if applicable, in any way applicable to this Subcontract, and also by the PROVISIONS PRINTED ON THE ATTACHED, which are referred to and made a part of this subcontract.

3.   That the labor and materials to be furnished, and the work to be performed by the SUBCONTRACTOR are as follows:

   Scope of work, additional terms and conditions according to attached document called "Pools Architect Agreement" dated 05/31/97.

Included in the Subcontractor's work is all that work, labor and services and the furnishing of materials normally associated with the trades employed and work performed by the Subcontractor to the extent required by the contract documents of the Contractor.

Performance and Payment Bond Required?   ☐ Yes   ☒ No - See paragraph O on attached.

IN WITNESS WHEREOF the CONTRACTOR and SUBCONTRACTOR have executed this agreement, effective the ___Z 10___ day of ___June___ 19 ___97___.

| CONTRACTOR Scott Ernst, Project Manager Landis & Staefa, Inc. | | SUBCONTRACTOR Ken Moeller Arch Pac, Inc. | |
|---|---|---|---|
| By (Authorized Signature - Contractor) | Date 6/10-97 | By (Authorized Signature - Subcontractor) | Date 6-10-97 |
| Witness | Date | Witness | Date |

(SEE INCORPORATED PROVISIONS ON ATTACHED)

*EXHIBIT A*

AO 121 (6/90)

| TO:<br><br>**Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION | ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|---|
| DOCKET NO.<br><br>98cv1954 IEG (AJB) | DATE FILED<br><br>10/27/98 | United States District Court, Southern District of California<br>880 Front Street, Room 4290<br>San Diego, CA  92101-8900 |

| PLAINTIFF<br><br>Kenneth Paul Moeller | DEFENDANT<br><br>Aquatic Design Group, et.al., |
|---|---|

| **COPYRIGHT REGISTRATION NO.** | **TITLE OF WORK** | **AUTHOR OF WORK** |
|---|---|---|
| 1 See Attachment.... | (Copy of Complaint) | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |
|---|---|

| **COPYRIGHT REGISTRATION NO.** | **TITLE OF WORK** | **AUTHOR OF WORK** |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case,a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br><br>☐ Order   ☐ Judgment | WRITTEN OPINION ATTACHED<br><br>☐ Yes   ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Register of Copyrights  Copy 2 - Upon filing of document adding copyrights, mail this copy to Registrer of Copyrights

Copy 3 - Upon termination of action, mail this copy to Register of Copyrights Copy 4 - In the event of appeal, forward this copy to the Appellate Court so they can prepare a new AO 279 for the appeal

Copy 5 - Case file copy

AO 121 (6/90)

| TO:<br><br>**Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION | ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|---|
| DOCKET NO.<br>98cv1954 IEG (AJB) | DATE FILED<br>10/27/98 | United States District Court, Southern District of California<br>880 Front Street, Room 4290<br>San Diego, CA 92101-8900 |
| PLAINTIFF<br>Kenneth Paul Moeller | | DEFENDANT<br>Aquatic Design Group, et.al., |

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 See Attachment.... | (Copy of Complaint) | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
|---|---|---|---|
| **COPYRIGHT<br>REGISTRATION NO.** | **TITLE OF WORK** | **AUTHOR OF WORK** | |
| 1 | | | |
| 2 | | | |
| 3 | | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order   ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes   ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Register of Copyrights  Copy 2 - Upon filing of document adding copyrights, mail this copy to Register of Copyrights

Copy 3 - Upon termination of action, mail this copy to Register of Copyrights Copy 4 - In the event of appeal, forward this copy to the Appellate Court so they can prepare a new AO 279 for the appeal

Copy 5 - Case file copy

AO 121 (6/90)

| TO:<br><br>**Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION | ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|---|
| DOCKET NO.<br><br>98cv1954 IEG (AJB) | DATE FILED<br><br>10/27/98 | United States District Court, Southern District of California<br>880 Front Street, Room 4290<br>San Diego, CA  92101-8900 |
| PLAINTIFF<br><br>Kenneth Paul Moeller | | DEFENDANT<br><br>Aquatic Design Group, et.al., |

| COPYRIGHT<br>REGISTRATION  NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 See Attachment.... | (Copy of Complaint) | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading |
|---|---|

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case,a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br><br>☐ Order    ☐ Judgment | WRITTEN OPINION ATTACHED<br><br>☐ Yes    ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Register of Copyrights  Copy 2 - Upon filing of document adding copyrights, mail this copy to Register of Copyrights

Copy 3 - Upon termination of action, mail this copy to Register of Copyrights Copy 4 - In the event of appeal, forward this copy to the Appellate Court so they can prepare a new AO 279 for the appeal

Copy 5 - Case file copy

AO 121 (6/90)

| TO:<br><br>**Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION | ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|---|
| DOCKET NO.<br>98cv1954 IEG (AJB) | DATE FILED<br>10/27/98 | United States District Court, Southern District of California<br>880 Front Street, Room 4290<br>San Diego, CA  92101-8900 |

| PLAINTIFF | DEFENDANT |
|---|---|
| Kenneth Paul Moeller | Aquatic Design Group, et.al., |

| **COPYRIGHT REGISTRATION  NO.** | **TITLE OF WORK** | **AUTHOR OF WORK** |
|---|---|---|
| 1 See Attachment.... | (Copy of Complaint) | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | |
|---|---|---|
| **COPYRIGHT REGISTRATION NO.** | **TITLE OF WORK** | **AUTHOR OF WORK** |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order   ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes   ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Register of Copyrights  Copy 2 - Upon filing of document adding copyrights, mail this copy to Register of Copyrights

Copy 3 - Upon termination of action, mail this copy to Register of Copyrights Copy 4 - In the event of appeal, forward this copy to the Appellate Court so they can prepare a new AO 279 for the appeal

Copy 5 - Case file copy

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KENNETH PAUL MOELLER | AQUATIC DESIGN GROUP, RANDALL MENDOROZ, SCOTT J. FERRELL, DOES 1 through 40, inclusive. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    San Diego<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    San Diego<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

'98 CV 1954 IEG AJB

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>LAW OFFICES OF JEFFREY G. SCOTT<br>16935 West Bernardo Dr., Ste. 170<br>San Diego, CA  92127<br>(619) 675-9896 | ATTORNEYS (IF KNOWN)<br>CHAPIN, FLEMING SMITH & SHEA<br>501 West Broadway, 15th Floor<br>San Diego, CA  92101<br>(619) 232-4261 |
|---|---|

'98 CV 1954 IEG AJB

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Complaint for Infringement of Copyright (17 U.S.C. §§ 501-504)

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | ☒ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $<br>According to proof | Check YES only if demanded in complaint:<br>JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE Moskowitz | Docket Number 97CV1139 BTM (LAB) |
|---|---|---|

DATE  October 27, 1998

SIGNATURE OF ATTORNEY OF RECORD

# 043201